IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, ) <br> ) <br> ) <br>                Plaintiff, ) <br> ) <br>    vs. ) <br> ) <br> Finkel Law Firm, LLC; ) <br> Susan S. White; ) <br> Elizabeth S. Moore; ) <br> Thomas A. Shook; ) <br> Teresa D. Van Vlake; ) <br> Andrew M. Wilson; ) <br> Joanne A. Tomasini-Muniz; and ) <br> Tracy Harris, ) <br> ) <br> ) <br>              Defendants. ) <br> ) | Civil Action No. 6:15-1513-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This is a civil action brought by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

The above-captioned case concerns pending state court foreclosure proceedings in *BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP v. Joel Clay Bracken; and Bank of America, N.A.*, Case No. 2010-CP-23-8330. One of the plaintiff's exhibits (doc. 1-10) reveals that a foreclosure hearing in Case No. 2010-CP-23-8330 is scheduled for April 8, 2015, at 2:00 p.m. before the Honorable Charles B. Simmons, Master-in-Equity for Greenville County, at the Greenville County Courthouse. In the above-captioned case, the plaintiff has brought suit against a law firm, its attorneys, and paralegal staff for actions relating to the mortgage foreclosure proceeding in Case No. 2010-CP-23-8330. The plaintiff states that this case is an action for statutory damages,

actual economic damages, emotional distress, and injunctive relief for the defendants' willful and negligent pattern of abuses of the "Federal [*sic*] Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692" occurring from May 23, 2011, through March 24, 2015" (doc. 1 at 3). The plaintiff seeks a trial by jury, an injunction, statutory damages for each willful and negligent count of the thirty-three counts raised in the eighteen-page attachment to the complaint (*id*. at 4).

In the eighteen-page attachment, the plaintiff alleges: (1) the plaintiff is a consumer within the meaning of 28 U.S.C. § 1692a(3) (doc. 1 at 6); (2) on October 7, 2010, the defendants filed a foreclosure action against the plaintiff, Case No. 2010-CP-23-8330, in the Court of Common Pleas for Greenville County; (3) neither the defendants nor BAC, the plaintiff in Case No. 2010-CP-23-8330, effected personal service upon the plaintiff, but used an order of publication (*id*.); (4) the plaintiff learned of the foreclosure suit via a "BAC collection phone call" on April 29, 2011, where the plaintiff verbally disputed the alleged debt and requested validation from BAC and the Finkel Law Firm (*id*.); (5) on May 20, 2011, the plaintiff mailed by USPS Certified Mail to the law firm FDCPA dispute/validation documents (*id*.); (6) the defendants never responded to the letter (*id*.); (7) a hearing relating to the order of publication was held on November 19, 2011, and the defendants were directed to produce a copy of the "chain of assignment" (*id*. at 6–7); (8) on or about July 16, 2011, the plaintiff received from the Finkel Law Firm a copy of an invalid assignment of debt by Mortgage Electronic Registration Systems, Inc., which had been rejected by numerous "superior courts" throughout the nation (*id*. at 7); (9) on or about July 16, 2011, the plaintiff received Administrative Order 2011-05-23-01 of the Supreme Court of South Carolina and a brief FDCPA notice, which failed to acknowledge that the debt was disputed, failed to provide validation, and failed to provide the required disclosures (*id*.); (10) on July 18, 2011, the plaintiff filed a motion to dismiss Case No. 2010-CP-23-8330 on multiple counts (*id*.); (11) the pleadings filed by the defendants in reply to the plaintiff's motion to dismiss failed

to acknowledge that the debt was disputed and unvalidated (*id*.); (12) at a hearing on August 15, 2011, attorney Andrew M. Wilson appeared before the Court of Common Pleas, continued further collection actions, but failed to produce evidence of a lawfully endorsed and negotiated promissory note, and failed to explained how MERS lawfully assigned the debt (*id*. at 7–8); (13) attorney Wilson "dawdled the issues and orally" pled for the mediation stay, which Master-in-Equity Simmons granted, by order, on November 16, 2011 (*id*. at 8); (14) the plaintiff later contacted the law firm's paralegal, Kim Beacham, by e-mail (*id*.); (15) Ms. Beacham's response and letter dated September 1, 2011, failed to acknowledge that the debt was disputed and unvalidated (*id*.); (16) on April 7, 2014, the plaintiff received an "embarrassing media envelope" from the Finkel Law Firm with a reference number; (17) the contents were signed by counsel Susan S. White and indicated that all defendants, except Paralegal Harris, were attorneys for BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Servicing LP (*id*.); (18) Paralegal Tracy Harris signed the certificate of service (*id*.); (19) on May 2, 2014, the plaintiff disputed the debt in writing and requested validation (*id*. at 8–9); (20) the defendants never responded to the plaintiff's demand (*id*. at 9); (21) on May 11, 2014, the plaintiff received "another embarrassing media envelope" containing and unfiled court filing stating that the mortgagor is ineligible for loan modification (*id*.); (22) Paralegal Tracy Harris signed the certificate of service (*id*.); (23) on May 23, 2014, the defendants filed a certificate of Compliance with the Administrative Order, which "moved forward the foreclosure case" (*id*.); (24) the Finkel law Firm filed a motion to restore the foreclosure case to active status on March 10, 2015 (*id*.); (25) on March 27, 2015, the plaintiff received two "embarrassing media envelopes"—one addressed to the plaintiff and the other addressed to occupant (*id*. at 9–10); (26) both envelopes containing notices of the foreclosure hearing and were signed by Susan S. White as attorneys for the defendants (*id*. at 10); and (27) the plaintiff has never received from the defendants the "proper" FDCPA 15 initial notice (*id*.).

At pages 10 through 21 of the complaint, the plaintiff enumerates thirty-three alleged violations of the "Federal Debt Collection Practices Act." (*id*. at 10–21). In his more-detailed prayer for relief, the plaintiff seeks: $33,000 each from the Finkel Law Firm and defendants Shook, White, Moore, and Vlake; $12,000 each from defendants Wilson, Tomasini-Muniz, and Harris; "actual economic monetary damages" jointly and severally; "additional damages" relating to the alleged pattern of abuse; damages for emotional distress jointly and severally; attorney's fees and court costs; and other relief deemed proper by this Court (*id*. at 21–22).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

***Abstention***

This filing of this case just two days before the scheduled foreclosure hearing before Master-in-Equity Charles B. Simmons indicates that this civil action is an attempt to "preempt" state court proceedings in *BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP v. Joel Clay Bracken; and Bank of America, N.A.*, Case No. 2010-CP-23-8330. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court should not equitably interfere with state criminal

4

proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The Supreme Court noted that courts should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). The United States Court of Appeals for the Fourth Circuit has established the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The *Younger* doctrine was originally applied to protect state interests represented in criminal prosecutions, but the Supreme Court has subsequently extended the rationale in *Younger* for abstention in favor of state civil actions as well, when important state interests are at stake. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (the rationale of *Younger* "is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding") (citing *Lynch v. Snepp*, 472 F.2d 769 (4th Cir. 1973)). In *Lynch*, the Court of Appeals noted that "[t]he long-standing public policy against federal court interference with state court proceedings antedates the Constitution." 472 F.2d at 772.

Since Case No. 2010-CP-23-8330 is pending before the Master-in-Equity for Greenville County, the first prong of the abstention test is satisfied. With regard to the second criteria, "Courts in this district have recognized that 'there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state.' " *Hayes v. JP Morgan Chase Bank*, No. C.A. 3:13–1884–JFA, 2014 WL 4198897, at *3 (D.S.C. Aug. 20, 2014) (quoting *Dennis v. HSBC Mortg. Servs., Inc.*, C.A. No. 0:10–2693–MJP–PJG, 2011 WL 3876916, at *3 (D.S.C. Aug. 11, 2011)). With respect to the third criteria, the Supreme Court has held that ordinarily a pending state proceeding

provides a litigant the accused a fair and sufficient opportunity for vindication of federal constitutional rights. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (denying request to enjoin state criminal proceedings).  The plaintiff in this case can pursue his claims in state court in Case No. 2010-CP-23-8330. Therefore, this federal district court should abstain from hearing the plaintiff's claims for injunctive relief regarding Case No. 2010-CP-23-8330.

### *The Anti-Injunction Act*

Title 28, United States Code § 2283 mandates that, except in certain circumstances, "[a] court of the United States may not grant an injunction to stay proceedings in a State court[.]"  The Anti-Injunction Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) ("The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.") (plurality opinion).  These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).  None of the exceptions are applicable in this case. Moreover, in *Cross v. Deutsche Bank Trust Co. Americas*, Civil Action No. 3:11-1010-CMC-PJG, 2011 WL 1624958, at *2 (D.S.C. Apr. 28, 2011), this court held that a *pro se* plaintiff's claims under the Fair Debt Collection Practices Act with respect to a state court judgment in a foreclosure action would be barred by the *Rooker-Feldman* doctrine and by the Full Faith and Credit statute, 28 U.S.C. § 1738.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); and  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

***State Court Proceedings Are Not a Collection Activity***

To establish a violation of the Fair Debt Collection Practices Act ("FDCPA"), a litigant must allege: (1) he or she has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Given the liberal construction to be applied to *pro se* pleadings, the undersigned is treating the plaintiff as contending that the defendants are "debt collectors" because they used the mail to send documents to the plaintiff.  *See* 15 U.S.C. § 1692a(6), § 1692f(6).  Even so, the one federal Court of Appeals to address the issue has held that foreclosure proceedings do not constitute debt collection.  *See Warren v. Countrywide Home Loans, Inc.*, No. 08-16171, 342 F. App'x 458, 460 (11th Cir. Aug. 14, 2009) ("However, the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g. . . . Thus, if a person enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act."); *Dunavant v. Sirote & Permutt, P.C.*, No. 14-13314, 2015 WL 525536, at *2 (11th Cir. Feb. 9, 2015) ("the district court did not abuse its discretion in refusing to reconsider its decision to dismiss the Dunavant's Section 1692e(5) claim based on our unpublished decision in *Warren*").  Moreover, the plaintiff in the above-captioned case, as in *Warren*, contended that the defendants violated the FDCPA by failing to respond to his request for verification of his debt before it proceeded with the foreclosure proceedings.  *Warren*, 342 F. App'x at 459.  The United States Court of Appeals for the Eleventh Circuit rejected this type of claim.  *See id.* at 461 ("In short, since foreclosing on a home is not debt collection for purposes of § 1692g, Warren did not, and could not, state a claim under that provision based on Countrywide's foreclosure sale of his home.  Accordingly, the district court did not err by dismissing this claim, and we affirm.").  It is therefore recommended that the District

7

Court adopt the rationale of the United States Court of Appeals for the Eleventh Circuit in *Warren* and hold that a foreclosure proceeding is not an action to collect a debt under the FDCPA.

*Motion for Leave to Proceed In Forma Pauperis*

In light of the Order of the Honorable G. Ross Anderson, Jr., Senior United States District Judge, in *Bracken v. Bank of America, N.A.*, C.A. No. 6:14-1814-GRA-KFM, 2014 WL 7369570, at *6 (D.S.C. Dec. 29, 2014), the plaintiff probably qualifies for *in forma pauperis* status. Even so, when a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case, even though the litigant qualifies for *in forma pauperis* status solely based on the financial information provided to the court. *See* 28 U.S.C. § 1915(e)(2)(B), which is cited in *Machado v. Davis*, Civil Action No. 4:11-1758-KDW, 2012 WL 4051123, at *5 n. 6 (D.S.C. Sept. 13, 2012) (consent case). It is recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4) be *denied* because the defendants are not "debt collectors" with respect to the foreclosure action pending in state court.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, I recommend that the District Court dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the District Court deny the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4). The plaintiff's attention is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

April 8, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is, hereby, advised that the may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).