IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, | ) |
| | ) Civil Action No. 6:15-1513-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Finkel Law Firm, LLC; | ) |
| Susan S. White; | ) **ORDER** |
| Elizabeth S. Moore; | ) |
| Thomas A. Shook; | ) |
| Teresa D. Van Vlake; | ) |
| Andrew W. Wilson; | ) |
| Joanne A. Tomasini-Muniz; and | ) |
| Tracy Harris, | ) |
| | ) |
| Defendants. | ) |

Joel Clay Bracken ("Bracken"), proceeding *pro se*, filed this action alleging violations of the Fair Debt Collection Act pursuant to 15 U.S.C. § 1692. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the action be dismissed without prejudice and without service of process and that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) be denied. (ECF No. 11). Bracken was advised of his right to file objections to the Report, (ECF No. 11 at 9), and he filed timely objections. (ECF No. 15).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Bracken's objections fail to address any specific, dispositive portion of the Report. The objections are non-specific and unrelated to the dispositive portions of the Report. The "objections" are titled "Plaintiff's objection to an (sic) magistrate's authority, referral, order and Report: motion to vacate." (ECF No. 15). Bracken claims that the Report should be vacated because he did not consent to having a magistrate judge review his case. Local Rule 73.02(B)(2), D.S.C., provides:

> Automatic References. The clerk of court shall assign the following matters to a full-time magistrate judge upon filing:
> . . .
> (b) All motions for leave to proceed in forma pauperis.
> . . .
> (e) All pretrial proceedings involving litigation by individuals proceeding *pro se*.

Therefore, the consent of the parties is not required. Instead, the consent of the parties is only required when the magistrate judge is making a final judgment in a case or handling a matter dispositively. *See* Local Rule 73.03, D.S.C.; *see also* 28 U.S.C. § 636. Because the magistrate judge in this case is only offering his recommendation to this court, Bracken's consent was unnecessary. After a thorough review of the Report and Bracken's objections, the court finds no reason to deviate from the Report's recommended disposition.

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 11) and incorporates it herein. It is therefore **ORDERED** that the action is **DISMISSED** without prejudice and without service of process. It is further **ORDERED** that Bracken's motions to proceed *in forma pauperis* (ECF No. 4) and to vacate the Report (ECF No. 15) are **DENIED.**

**IT IS SO ORDERED.**

<u>s/Timothy M. Cain</u>  
United States District Judge

May 1, 2015  
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.